UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WANNA BERRY-MAYES, as Administrator of
the Estate of Andre Berry,

                        Plaintiff,                        14-cv-9891 (PKC)

      -against-

                                                    MEMORANDUM AND ORDER
                                                       ON RECONSIDERATION

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Wanna Berry-Mayes moves for reconsideration of a Memorandum and Order that denied her motion for summary judgment and granted summary judgment to the New York City Health and Hospitals Corporation (the "HHC"). (Docket # 68.) Familiarity with that Memorandum and Order is assumed. (See Docket # 66.)

        Berry-Mayes's motion for reconsideration points to some evidence in the summary judgment record indicating that her deceased uncle, Andre Berry, could not read or write English. The Court did not account for this evidence when it twice mentioned that Andre could read written English. (Id. at 14, 20.)

        Drawing every reasonable inference in plaintiff's favor as non-movant, the Court now revisits the evidence as to Andre's reading and writing skills, and concludes that a reasonable jury could conclude that Andre was unable to read or write English. However, because Andre's reading ability was not dispositive to the central issue of whether the HHC provided him with a reasonable accommodation, plaintiff's motion for reconsideration is denied.

STANDARD ON A MOTION FOR RECONSIDERATION.

A district court may grant relief from an order pursuant to Rule 60(b), Fed. R. Civ. P., if there was "mistake, inadvertence, surprise, or excusable neglect," or if there is "any other reason that justifies relief." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

DISCUSSION.

Plaintiff Berry-Mayes brought this action in her capacity as administrator of the estate of her deceased uncle, Andre Berry, a deaf man who communicated using sign language and had, at most, limited speaking abilities. Among other serious medical conditions, Andre had an advanced kidney disease that required frequent dialysis. He died in November 2013. In the years prior to his death, Andre made several visits to two HHC facilities in the Bronx.

Plaintiff contends that the HHC violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), and other state and federal laws by failing to provide Andre with the reasonable accommodations to communicate effectively, specifically including a sign-language interpreter. In granting the HHC's summary judgment motion, the Court reviewed

unrebutted evidence of instances in which the HHC provided interpreters to Andre, instances in which Andre declined the HHC's offer to provide interpreters, instances in which HHC doctors and employees communicated with Andre through lip reading, and evidence of Andre's ability to communicate by using his hearing aid. (Docket # 66 at 11-18.) The Court concluded that in opposition, plaintiff did not point to evidence that would permit a reasonable jury to find that Andre was denied a reasonable accommodation, and instead relied on conclusory and speculative assertions. (Docket # 66 at 19-20.)

The Court's Memorandum and Order twice mentioned Andre's reading proficiency. The Court stated: "An individual with a chronic renal disease who routinely received dialysis treatment and sought treatment on a walk-in basis may not need a sign-language interpreter, particularly for an individual who can read the written word and has some ability to read lips." (Docket # 66 at 14.) The Court later stated that "there is no contention that Andre was unable to read English" as one of three reasons why any interpreter's signature may have been omitted from Andre's consent forms. (Docket # 66 at 20.)

Plaintiff's motion for reconsideration asserts that the Court overlooked plaintiff's evidence as to Andre's limited or non-existent reading abilities. Andre's sister, Denise Berry, testified in her deposition that "my brother couldn't read and spell that well." (Pl. 56.1 ¶ 11.) Denise Berry also testified in her deposition that she rarely communicated with Andre via text message because she "knew he couldn't read that good. I knew he couldn't read. I don't know what other people knew, other people might have been texting him, but how do you text a person that can't read? I don't know, I don't know how you do that." (Docket # 48-2 at 86.)

At the same time, Denise Berry qualified her own observation by stating that Andre couldn't read "that well" or "that good," and plaintiff herself points out that Andre

handwrote the words "I'm deaf" on two consent forms.  (Pl. 56.1 ¶¶ 54, 56.)  The HHC also points to an undisputed incident in which a nurse texted Andre concerning test results, after which Andre called and spoke to the nurse over the telephone.  (Def. 56.1 ¶¶ 86-87; Pl. 56.1 Resp. ¶¶ 86-87.)  This evidence indicates that Andre could read and write English, at least to some degree.

In reviewing a motion for summary judgment, the Court resolves all ambiguities in favor of the plaintiff as non-movant and draws all reasonable inferences against the HHC as the movant.  See, e.g., Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (per curiam).  At summary judgment, a judge should not "weigh the evidence and determine the truth of the matter . . . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Drawing every reasonable inference in favor of the plaintiff, the summary judgment record included some evidence that could permit a reasonable jury to conclude that Andre's understanding of written English was impaired.  The Court's summary judgment opinion therefore should not have concluded that Andre was able to read English.

However, even if Andre had little to no ability to read English, this does not defeat the HHC's evidence in support of summary judgment or disturb the reasoning of the Memorandum and Order.  The HHC came forward with unrebutted evidence that it provided Andre with an American Sign Language interpreter at the critical junctures of his treatment and during nearly all of his visits.  (Docket # 66 at 11, 16.)  In one instance, employee notes indicated that an interpreter was not present, but notes of interactions hours later indicated the presence of an interpreter.  (Id. at 12.)  The absence of an interpreter's signature on some of Andre's consent forms does not support the inference that the HHC failed to provide an interpreter to help discuss the underlying procedures.  (Id. at 12.)  Staff documented that Andre "communicates clearly"

with a hearing aid, "verbalized adequate understanding regarding pain management" and could communicate by reading lips.  (Id. at 13.)

In the Memorandum and Order, the Court mentioned the strength of Andre's reading ability in the context of additional, extensive evidence of the HHC's reasonable accommodations to Andre.  The reasoning of the Memorandum and Order was based on the direct communications between Andre and HHC employees, and not solely upon Andre's reading ability.  Thus, the failure to account for Denise Berry's deposition testimony about Andre's reading ability does not alter the outcome of the parties' summary judgment motions.[1]

CONCLUSION.

Plaintiff's motion for reconsideration is DENIED.  (Docket # 68.)  The Clerk is directed to terminate the motion.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 8, 2017

---

[1] Relatedly, the Court discussed the persuasive reasoning of Martin v. Halifax Health Care Systems, Inc., 621 Fed. Appx. 594 (11th Cir. 2015), because of its detailed review of the accommodations made to hearing-impaired plaintiffs, and not because it involved the use of written notes.